UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LINDA COHEN,

                       Plaintiff,

                                                                                  14-CV-3623 (PKC)

        -against-

NARRAGANSETT BAY INSURANCE COMPANY,

                       Defendant.

-------------------------------------------------------------------x

## **ORDER FOR REMAND AND ATTORNEYS' FEES AND COSTS**

Before the Court is Plaintiff's motion to remand this case to state court and to award her attorneys' fees and costs in connection with the prior removal of this case to federal court by Defendant.[1] (Dkt. No. 8 ("Pl. Mtn."), at ECF 1.)[2] The Court GRANTS the motions in full for the reasons set forth below.

    1. Motion to Remand

In terms of Plaintiff's motion to remand, Defendant, as the party that removed this case to federal court, "bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)), *cert. denied*, 543 U.S. 1080 (2005); *see also*

---

[1]     Defendant removed this case to federal court in June 2014, pursuant to 28 U.S.C. § 1441. (Dkt. No. 1.) According to Defendant, the Court had "original jurisdiction" over this case based on diversity of citizenship. (*Id.*)

[2]     Citations to "ECF" reference the pagination of the Court's Electronic Court Filing system, and not the particular document's internal pagination.

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (same).

According to Plaintiff, the removal of this case was improper, because "[t]he total damages sought by the complaint is far less than the jurisdictional requirement of $75,000.00." (Pl. Mtn., at ECF 3); *see* 28 U.S.C. § 1332 (providing that diversity of citizenship requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"). Notwithstanding its "burden" to prove the contrary, Defendant concedes that "remand is warranted," based on Plaintiff's concession that "[t]he total of all [her] damages is under $38,000." (Dkt. No. 13 ("Def. Opp."), at 5; Pl. Mtn., at ECF 72.)

Accordingly, the Court grants Plaintiff's otherwise *unopposed* motion to remand.

2. Motion for Attorneys' Fees and Costs

Plaintiff's motion for attorneys' fees and costs relating to the improper removal of this case to federal court presents a closer question. The answer depends on whether Defendant had an "objectively reasonable basis" for the removal, despite the fact that it turned out to be baseless. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005) (Roberts, C.J.) (interpreting 28 U.S.C. § 1447(c)). Per the Supreme Court, there is no automatic or presumptive right to such fees and costs. *Id.* at 136-37. Indeed, fee shifting, in the event of a remand, should only occur in "unusual circumstances," to avoid discouraging a defendant from exercising its "right to remove." *Id.* at 140-41.

To assess Defendant's "basis" for removing this case to federal court, the Court considers the allegations in Plaintiff's complaint. The complaint alleges that Plaintiff paid Defendant $95 for a "Mariner Plus Endorsement" insurance policy that provided $5,000 of coverage for sewer back-up damage; that such damage occurred on her property as a result of Hurricane Sandy; and

that, because Defendant refused to honor the insurance policy, she incurred "at least" $27,700 in costs to repair the property herself. (Pl. Mtn., at ECF 6-8.)

Based on these allegations, Plaintiff's complaint asserts (i) a breach of contract claim, for which Plaintiff seeks the $5,000 "policy maximum on sewer back-up damage" *and* "consequential damages"; and (ii) a claim under New York General Business Law § 349 ("GBL § 349") based on the deceptive sale of the $95 insurance policy, for which Plaintiff seeks "treble and punitive damages" *and* "reasonable attorneys' and experts' fees and other expenses." (*Id.*)

With respect to a contractual claim, beyond the coverage provided by an insurance policy that constitutes the basis of the alleged breach, New York law does not permit the recovery of consequential damages, which are "extra-contractual" in nature, owing to "an insurer's bad faith" in honoring the policy. *Cont'l Info. Sys. Corp. v. Fed. Ins. Co.*, No. 02-CV-4168, 2003 WL 145561, at *3 (S.D.N.Y. Jan. 17, 2003) (rejecting, as defying the clear precedent of the New York Court of Appeals, the Appellate Division's ruling, in *Acquista v. N.Y. Life Ins. Co.*, 730 N.Y.S. 2d 272 (1st Dep't 2001), that plaintiffs may recover "consequential damages in excess of the policy-limits . . . for bad faith conduct").[3]

Rather, New York law *only* permits such recovery, where consequential damages are "specifically contemplated by both parties at the time of contracting." *Id.* at *5 n.11 (citing *Kenford Co., Inc. v. Cnty. of Erie*, 73 N.Y.2d 312, 319 (1989)). Defendant, however, has maintained that these types of damages "were not covered under the insuring agreement and/or were excluded from coverage pursuant to unambiguous policy exclusions." (Def. Opp., at 2 n.1.)

---

[3] *See also Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*, No. 05-CV-183, 2005 WL 1676704, at *4 (S.D.N.Y. July 19, 2005) (same).

3

Thus, even if Plaintiff claimed that she was entitled to consequential damages in the amount of her repair costs, Defendant should have known—and, indeed, appears to know—that Plaintiff's only potential recovery for the alleged breach of the insurance policy would be the coverage amount, *i.e.*, $5,000. (*See* Def. Opp., at 2 (arguing that "plaintiff claims at least $27,700 in actual damages, but appears to recognize[] [sic] that the policy only covers up to $5,000").)

With respect to a GBL § 349 claim, the statute provides that:

> any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. *The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars*, if the court finds the defendant willfully or knowingly violated this section. *The court may award reasonable attorney's fees to a prevailing plaintiff.*

N.Y. Gen. Bus. Law § 349(h) (emphasis added).

Considering this permissive statutory language, Defendant should have known that the awarding of attorneys' fees would be a discretionary matter for the trial court, and, thus, may *not* be used to satisfy the amount in controversy for purposes of diversity. *E.g.*, *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85-86 (2d Cir. Jan. 23, 2012) ("Attorneys' fees may be used to satisfy the amount in controversy only if they are recoverable *as a matter of right* pursuant to statute or contract.") (emphasis added); *see Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 54 (2d Cir. 1992) ("The fee award [under GBL § 349] is left to the discretion of the trial court in all circumstances[.]").

The language of the statute also should have alerted Defendant to the fact that Plaintiff could either be awarded actual damages equal to the "$95.00 she paid for illusory sewer backup coverage," *or*, in the best-case scenario, treble damages equal to "three times" that amount, *i.e.*, $285. (Pl. Mtn., at ECF 72); *see also Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp.

2d 557, 561 (S.D.N.Y. 2008) ("While [GBL] § 349(h) authorizes the award of treble damages, the Court may increase damages only 'to an amount not to exceed three times the actual damages up to one thousand dollars.'") (quoting N.Y. Gen. Bus. Law § 349(h)).

Finally, even though the statutory language only expressly provides for actual or treble damages, "limited" punitive damages are also permitted, as recognized by the New York Court of Appeals. *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 291 (1999); *see Barkley v. United Homes, LLC*, No. 04-CV-875, 2012 WL 2357295, at *17 n.16 (E.D.N.Y. June 20, 2012) ("GBL § 349(h) restricts the court's award of treble damages, but does not govern the award of punitive damages, which plaintiffs may seek in addition to treble damages."), *aff'd sub nom. Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22 (2d Cir. Jan. 30, 2014); *see also Wilner v. Allstate Ins. Co.*, 893 N.Y.S.2d 208, 218 (2d Dep't 2010) (stating that, for GBL § 349 claims, "plaintiffs may seek both treble damages *and* punitive damages") (emphasis added).[4]

As Defendant properly argues, there is no *precise* limit on the amount of punitive damages. (Def. Opp., at 4-5.) In *Hart v. Moore*, 587 N.Y.S.2d 477 (Sup. Ct. 1992) (cited by Pl. Mtn., at ECF 72), the state trial court's belief that "punitive damages may only be awarded where the total award, together with the punitive damages, does not exceed $1,000," *id.* at 480, stemmed from its misreading of the statutory language with respect to *treble* damages, given that

---

[4] Punitive damages, if "permitted under the controlling law," do count toward the amount in controversy for purposes of diversity. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). At the same time, the Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages. *See Nwanze v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. Mar. 9, 2005) (citing with approval *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972)) (itself noting that "the trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction").

nothing in the statute "govern[s] the award of *punitive* damages." *Barkley*, 2012 WL 2357295, at *17 n.16 (emphasis added).

However, it was nonetheless unreasonable, and without basis, for Defendant to believe that the potential for punitive damages with respect to Plaintiff's GBL § 349 claim would be sufficient to make "the matter in controversy exceed[] the sum or value of $75,000," in terms of damages. 28 U.S.C. § 1332. As set forth above, for purposes of calculating this amount, the only other damages that Plaintiff could realistically receive would be the coverage amount of the insurance policy ($5,000) for her contractual claim, and treble damages ($285) for her GBL § 349 claim. Punitive damages for Plaintiff's GBL § 349 claim would have to be a minimum of $69,715, or *245 times* her potential treble damages, to meet the amount in controversy. It was not reasonable to believe that punitive damages would "exceed[] a single-digit ratio between punitive and compensatory damages," which ordinarily violates due process. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425-26 (2003) (Kennedy, J.) (holding that a "145-to-1 ratio" of punitive-to-compensatory damages was unconstitutional).[5]

Accordingly, because Defendant was not objectively reasonable in presuming that Plaintiff might satisfy the amount in controversy with her contractual and GBL § 349 claims, the Court grants Plaintiff's motion for attorneys' fees and costs. Plaintiff's counsel is directed to submit, *within thirty (30) days of this Order*, an affidavit and any other documentation in support of the fees and costs that they incurred as a result of the improper, and unreasonable, removal.[6]

---

[5] Defendant's representation that "monetary damages sought are in excess of $150,000, exclusive of interest and costs" (Pl. Mtn., at ECF 11) further belies the reasonableness of its decision to remove this case to federal court. To wit, crossing this threshold would require a 508-to-1 ratio of punitive-to-compensatory damages.

[6] The Court will postpone the remand of this case until after it resolves the issue of attorneys' fees and costs.

SO ORDERED:


 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge


Dated: September 23, 2014
       Brooklyn, New York