UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

LINDA COHEN,

                              Plaintiff,

                                                  14-CV-3623 (PKC)

       -against-

NARRAGANSETT BAY INSURANCE COMPANY,

                              Defendant.

-----------------------------------------------------------------x

## ORDER AFFIRMING REMAND ORDER
## AND GRANTING PARTIAL RECONSIDERATION OF FEE AWARD

      Before this Court is Defendant Narragansett Bay Insurance Company's October 24, 2014 letter requesting a pre-motion conference on a proposed motion for reconsideration under Rule 60(b)(6) of the Federal Rules of Civil Procedure ("FRCP 60(b)(6)"). (Dkt. 22 ("Def's Recon. Ltr.").) Defendant proposes to seek reconsideration of the Court's September 23, 2014 Order, which remanded the case to New York State Supreme Court, and awarded attorneys' fees, in an amount to be determined, to Plaintiff. (Dkt. 18 ("Remand Order"), at 1.) The Court subsequently awarded $8,350 in fees to Plaintiff's counsel. (ECF Order dated 10/23/2014 ("Fee Award").) Plaintiff opposes Defendant's request for a conference, and asks the Court to deny reconsideration of the Remand Order. (Dkt. 23 ("Pl.'s Recon. Opp."), at 2.) The Court denies Defendant's request for a pre-motion conference; no pre-motion conference is necessary to decide the issues raised in Defendant's letter. For the reasons set forth below, the Court AFFIRMS the Remand Order, but REVISES its Fee Award to $6,550.

BACKGROUND

Plaintiff commenced this action in the New York Supreme Court, Richmond County, in June 2014. (Dkt. 8, at ECF 6-8 ("Compl.").)[1] Plaintiff's Complaint alleges that she suffered damage from a backed-up sewer during Superstorm Sandy, and that Defendant denied her insurance claim, despite her purchase of a policy endorsement that offered up to $5,000 in sewer backup coverage. (Compl., ¶¶ 7-9.) In addition to seeking damages for Defendant's alleged breach of contract, Plaintiff also seeks an injunction barring future sales of the $95 policy endorsement Defendant sold to Plaintiff.

Defendant removed this case from New York Supreme Court, Richmond County, on June 9, 2014. (Dkt. 1.) Plaintiff subsequently moved to remand back to state court because the total monetary damages sought ($38,000) does not satisfy the amount-in-controversy threshold necessary to maintain federal jurisdiction. (Dkt. 8, at ECF 72.) Plaintiff also sought an award of attorneys' fees due to Defendant's alleged improper removal. (*Id*. at ECF 75.) Defendant partially opposed Plaintiff's motion to remove, conceding that remand was proper but opposing an award of attorneys' fees to Plaintiff's counsel. (Dkt. 13 ("Def.'s Opp."), at 5-7.) On September 23, 2014, the Court granted Plaintiff's motion upon Defendant's concession that remand was appropriate. (Remand Order, at 1-2.) The Court also found that Defendant's removal of this case had not been objectively reasonable because the amount-in-controversy clearly fell below the jurisdictional threshold of $75,000. (Remand Order, at 6.) On October 24, 2014, the Court awarded $8,350 in attorneys' fees to Plaintiff's counsel. (Fee Award.)

---

[1] Citations to "ECF" reference the pagination of the Court's Electronic Court Filing system, and not the particular document's internal pagination.

DISCUSSION

Reconsideration under FRCP 60(b) is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). An FRCP 60(b) motion should not be granted where the movant "seeks solely to relitigate an issue already decided." *Moore v. T-Mobile USA, Inc.*, No. 10-cv-527, 2013 WL 55799, at *2 (E.D.N.Y. Jan. 2, 2013), *aff'd*, 548 F. App'x 686 (2d Cir. 2013) (quoting *Shrader*). To warrant reconsideration under FRCP 60(b)(6), the movant must show "extraordinary circumstances," *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009), or that the judgment "may work an extreme and undue hardship," *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994).

Here, Defendant submits that reconsideration is warranted because the Remand Order did not consider Plaintiff's claim for injunctive relief as providing an objectively reasonable basis for removal. (Def's Recon. Ltr., at 1.) Defendant maintains that the injury it would suffer from an injunction would easily exceed the jurisdictional threshold needed to maintain diversity jurisdiction. (*Id*. ("If the defendant insurer lost sales of only 800 such endorsements . . . the monetary damage for that claim alone would exceed [$75,000]."))[2]

On these grounds, Defendant cannot meet its burden to demonstrate that reconsideration is warranted. In this Circuit, courts view potential damages from the plaintiff's perspective when

---

[2] The Court notes that Defendant's pre-motion conference letter is the first time that Defendant has attempted to explain how the claim for injunctive relief could generate an amount-in-controversy above the $75,000 threshold. Defendant's Opposition to the Motion for Remand contains just four references to Plaintiff's claim for injunctive relief; furthermore, these statements are conclusory and unsupported by caselaw. (*See* Def.'s Opp., ¶¶ 10, 11, 18, 25.) Given these flimsy assertions, the Court finds it somewhat disingenuous for Defendant to call to re-open this case simply because its opposition "indicate[d] that the claim for injunctive relief formed part of the basis [for removal]." (Def's Recon. Ltr. at 1.)

evaluating whether the amount-in-controversy satisfies 28 U.S.C. § 1332. *See Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, No. 08-cv-1773, 2009 WL 385541, at *7 (E.D.N.Y. Feb. 11, 2009) (calculating the amount-in-controversy from the "plaintiff's standpoint") (citing *Kheel v. Port of New York Authority*, 457 F.2d 46, 29 (2d Cir. 1972)); *Maxons Restorations, Inc. v. Newman*, 292 F. Supp. 2d 477, 482-44 (S.D.N.Y. 2003) (citing *Kheel*). Thus, when assessing the amount-in-controversy, the Court does not consider any losses that Defendant would incur due to the grant of injunctive relief. *Audi of Smithtown Inc.*, 2009 WL 385541, at *7 (remanding case to state court for failure to meet the amount-in-controversy).

Given the prevailing rule in this Circuit, the Court stands by its earlier finding that Defendant's removal of this case to federal court was not objectively reasonable.[3] Defendant's invocation of Plaintiff's claim for injunctive relief does not change the Court's conclusion regarding the objective reasonableness of removal. Thus, Defendant has failed to advance a "controlling decision or data" that might "reasonably alter" the Court's conclusion. *See Shrader*, 70 F.3d at 257.

Defendant further complains that the Court's fee award is excessive and unjust. (Def.'s Recon. Ltr., at 2.) Defendant protests that because Plaintiff's counsel provides free legal assistance to individuals affected by Hurricane Sandy, Plaintiff should not be able to recover a fee award that exceeds the coverage of the insurance policy at issue. However, the coverage

---

[3] The Court acknowledges the existence of cases in the Second Circuit considering the cost of an injunction to defendants when calculating the amount-in-controversy. *See Mortgageit Inc. v. Wallberg*, 02-cv-5911, 2002 WL 31324135 (S.D.N.Y. Oct. 16, 2002); *Steinberg v. Nationwide Mut. Ins. Co.*, 91 F. Supp. 2d 540, 544 (E.D.N.Y. 2000). However, these cases are in the clear minority, and Defendant has failed to give a compelling reason to depart from the general rule calculating amount-in-controversy from the plaintiff's viewpoint. *See Maxons Restoration*, 292 F. Supp. 2d at 483 (acknowledging *Mortagegit* but following plaintiff's viewpoint approach because "subsequent district court cases have *almost uniformly* adhered to it in a variety of circumstances") (emphasis added).

4

amount of the policy and Staten Island Legal Services' *pro bono* assistance to Plaintiff are both irrelevant to the Court's calculation of fees, and so Defendant's complaints on this basis do not justify reconsideration of the Fee Award. *See Cho v. Koam Medical Services P.C.*, 524 F. Supp. 2d 202, 205-06 (E.D.N.Y. 2007) (awarding attorneys' fees to *pro bono* counsel and calculating fees by "taking the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate") (quoting *Hensley v. Exkerhard*, 461 U.S. 424, 433 (1983)).

Defendant also contends that the "hourly rates requested by plaintiff's counsel are not justified and far exceed the rates generally commanded by experienced attorneys retained to handle the type of case before this Court." (Def.'s Recon. Ltr., at 2.) Plaintiff argues that the rates requested "properly reflect the difference in [the attorneys'] years of practice." (Pl.'s Recon. Opp., at 2.) The Court's Fee Award was based on a $450 hourly rate for Attorney Bassis (J.D. 1973), a $250 hourly rate for Attorney Broodie-Stewart (J.D. 2011), and a $300 hourly rate for Attorney Schiff (J.D. 2007). (*See* Dkt. 21, at ECF 2.)

While the total Fee Award surely does not work an "extreme and undue hardship" to Defendant, the Court determines that a downward adjustment of counsel's hourly rates is appropriate in light of the prevailing rates used in this District and the complexity of the motion at issue. *See Prescia v. U.S. Life Ins. Co. in City of New York*, No. 10-cv-2518, 2011 WL 70569, at *4 (S.D.N.Y. Jan. 6, 2011) (adjusting attorneys' fee award downward on reconsideration). Though the hourly rates used in the Fee Award are consistent with the Plaintiff's counsel's years of experience,[4] the issues presented by Plaintiff's Motion for Remand are not particularly

---

[4] Courts in the Eastern District have previously found that rates of approximately $300-450 per hour are reasonable for attorneys with extensive experience, and $200-300 per hour for the equivalent of law firm associates. *See Frontier Park Co., LLC v. Contreras*, No. 14-cv-03624, 2014 WL 3843845, at *8 (E.D.N.Y. Aug. 5, 2014) (setting range at $300-450 for law firm partners after survey of recent E.D.N.Y. cases); *Brown v. Green 317 Madison, LLC*, No. 11-

complex and do not justify the top rates used in this district. *See Frontier Park Co., LLC v. Contreras*, No. 14-cv-03624, 2014 WL 3843845, at *8 (E.D.N.Y. Aug. 5, 2014) (adjusting requested attorneys' rates downward given the lack of complexity presented by a motion for remand due to improper removal). Thus, on reconsideration, the Court revises the rates used for each attorney as follows: $350 per hour for Attorney Bassis, $200 for Attorney Broodie-Stewart, and $250 for Attorney Schiff. Using these rates, the total fee award is revised from $8,350 to $6,550.

## CONCLUSION

The Court affirms its September 23, 2014 Remand Order, and revises its October 23, 2014 fee award. Plaintiff's Counsel is awarded $6,550 in attorneys' fees. The Clerk of the Court is respectfully requested to amend the judgment to reflect the updated fees.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: November 24, 2014
 Brooklyn, New York

---

cv-4466, 2014 WL 1237448, at *8-9 (citing E.D.N.Y. cases where attorneys with 40 or more years of experience netted rates of $450 per hour).